IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KEVIN MITCHELL BUMGARNER,

        Petitioner,

Case No. 2:14-cv-01269-MO

v.

MARK NOOTH,

OPINION AND ORDER

        Respondent.

Jay W. Frank
Moule & Frank
259 E. 5th Avenue
Eugene, Oregon 97401,

    Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Frederick M. Boss, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his state-court convictions for Sexual Abuse, Rape, Unlawful Sexual Penetration, Kidnapping, and Assault. Because the court finds petitioner's claims to be procedurally defaulted, the Petition for Writ of Habeas Corpus (#1) is denied.

## BACKGROUND

On August 21, 2003, the Douglas County Grand Jury indicted petitioner on eleven sex crimes involving a four-year-old girl. A jury ultimately convicted petitioner of two counts each of Sexual Abuse in the First Degree, Rape in the First Degree, Unlawful Sexual Penetration with a Foreign Object in the First Degree, and Kidnapping in the First Degree. Trial Transcript, p. 1584. The jury also convicted petitioner of a single count of Assault in the Third Degree. *Id.* As a result, the trial court sentenced him to 730 months in prison. Trial Transcript, p. 1623.

Petitioner took a direct appeal, and the Oregon Court of Appeals initially remanded the case for resentencing on the basis that the trial court had erred by imposing consecutive sentences without the proper factual findings from the jury. Respondent's Exhibit 108. However, after the U.S. Supreme Court's decision in *Oregon v. Ice*, 129 S.Ct. 711 (2009) wherein it reaffirmed the authority of courts to impose consecutive sentences in the absence

2 - OPINION AND ORDER

of specific findings by a jury, the Oregon Court of Appeals withdrew it's initial disposition and modified its decision to affirm petitioner's sentence. Respondent's Exhibit 114.

Petitioner next filed for post-conviction relief ("PCR") in Malheur County where the PCR trial court granted relief, finding that trial counsel should have argued for merger of petitioner's convictions. Respondent's Exhibit 141. The PCR trial court denied relief on the remainder of petitioner's convictions. *Id.* The Oregon Court of Appeals affirmed the PCR trial court's decision in a written opinion. Respondent's Exhibit 150. Neither party sought review by the Oregon Supreme Court.

It appears petitioner's case was then remanded for a resentencing proceeding that is not part of the record before this court. Respondent's Exhibit 141. Following that resentencing, on August 26, 2013, petitioner filed a Motion for New Trial on the basis that the leg brace he was required to wear during his 2003 trial prevented him from having a fair trial. Petition Exhibit 1-2, p. 24. The trial judge denied the motion, finding it to be untimely and not properly before the court. *Id* at 1.

Petitioner filed this 28 U.S.C. § 2254 habeas corpus action on August 6, 2014. In his Petition, he presents the following grounds for relief:

    1.    Petitioner's physical restraint at his jury trial without prior evidence that would have permitted the trial court to find that petitioner posed an immediate

3 - OPINION AND ORDER

> or serious risk of committing dangerous or disruptive behavior, or that petitioner posed a serious risk of escape, and without any prior finding, violated petitioner's right to Due Process under the Fifth and Fourteenth Amendments to the Constitution of the United States.
>
> 2. Ineffective assistance of counsel by petitioner's attorneys at trial, on appeal, during post-conviction proceedings, and during proceedings on his motion for a new trial prevented petitioner from properly raising or exhausting the issue set out above as Ground One.

Petition (#1), pp. 8-11.

Respondent asks the court to deny relief on the Petition because: (1) petitioner failed to fairly present Grounds One and Two to the Oregon state courts, leaving them procedurally defaulted; (2) to the extent petitioner fairly presented his Ground One due process claim, the state court denied relief based upon an independent and adequate state procedural rule such that the claim is not eligible for federal review; and (3) Ground Two alleges freestanding claims of ineffective assistance of counsel that are not subject to habeas corpus review.

## DISCUSSION

### I. Exhaustion and Procedural Default Standards

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court

4 - OPINION AND ORDER

will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518

5 - OPINION AND ORDER

U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

## II. Analysis

### A. Ground One: Due Process

As Ground One, petitioner alleges that the court's requirement that he wear a leg restraint during his jury trial violated his right to due process. It is clear from the record that petitioner did not raise his claim during his direct appeal. Respondent's Exhibit 103. Petitioner argues, however, that he presented the due process claim to the Douglas County Circuit Court in his Motion for New Trial, which he filed after entry of the Amended Judgment in 2013. He claims that because an appeal was not permitted from the Douglas County Circuit Court's denial of his Motion, he was not obligated to present his claim to the Oregon Supreme Court in order to fairly present it.

Petitioner's Motion seeking a new trial came approximately nine years after the conclusion of his criminal trial. Not only was the Motion for New Trial not the method contemplated by Oregon law for petitioner to raise his due process claim of trial court error,[1] but the Douglas County Circuit Court specifically denied

---

[1] *See Guinn v. Cupp*, 304 Or. 488, 497, 747 P.2d 984 (1987) (where the record shows that a defendant was shackled, the record is sufficient for the issue to be raised on direct appeal); *see also State v. Alvarez-Vega*, 240 Or. App. 616, 618 n. 1 (2011) ("we do not wish to leave the impression that a motion for a new trial based on alleged error in the trial proceedings may be

6 - OPINION AND ORDER

petitioner's Motion as untimely and not properly before the court. In this respect, petitioner's claim is subject to the procedural default bar because for two reasons: (1) he failed to fairly present it in an appropriate procedural context; and (2) the state court expressly rejected petitioner's claim based upon a state procedural rule independent of federal law, and adequate to support the decision. *See Coleman v. Thompson,* 501 U.S. 722, 729 (1991).

Petitioner contends that there is no evidence that the Oregon Rules of Civil Procedure employed to reject his Motion as untimely were firmly established and regularly followed, thus the Douglas County Circuit Court did not rely upon an independent and adequate state procedural rule to bar his claim. *See Ford v. Georgia*, 498 U.S. 411, 424 (1991) (a state procedural rule constitutes an adequate bar to federal court review if it was "firmly established and regularly followed" at the time it was applied by the state court). Petitioner's conclusory contention is insufficient to show that the state procedural rules are not firmly established and regularly followed. *See Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003) (petitioner must make "specific factual allegations that demonstrate the inadequacy of the state procedural rule, including citations to authorities demonstrating inconsistent application of

---

timely filed after a resentencing following remand on appeal. *See* ORCP 64 F.").

7 - OPINION AND ORDER

the rule."). Because petitioner fails to carry his burden, he is unable to excuse his procedural default.

Although petitioner also argues that his Motion was timely under Oregon law, this assertion amounts to a disagreement with a state court over an issue of state law. Such issues are not reviewable in the habeas corpus context. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

In his Ground Two claim, petitioner offers (but does not argue) what might be considered another excuse for his procedural default, namely that his PCR attorney "did not make a claim in the petition for post-conviction relief on the basis of the unconstitutional restraining of petitioner during his jury trial. . . ." Petition (#1), p. 10. Pursuant to *Martinez v. Ryan*, 566 U.S. ----, 132 S.Ct. 1309 (2012), inadequate assistance from a PCR trial attorney can establish cause to excuse a procedural default. However, this excuse to procedural default applies only to claims of ineffective assistance of trial and direct appellate counsel, not due process claims. *Id* at 1315; *Nguyen v. Curry*, 736 F.3d 1287, 1293 (9th Cir. 2013) (extending *Martinez* to direct appellate counsel). For all of these reasons, petitioner's Ground One claim is procedurally defaulted, and the default is not excused.

8 - OPINION AND ORDER

### B. Ground Two: Ineffective Assistance of Counsel

In Ground Two, petitioner alleges that his attorneys during his trial, direct appeal, PCR proceedings, and Motion for New Trial all rendered ineffective assistance when they failed to raise his due process claim or, in the case of PCR counsel, when they failed to raise ineffective assistance of counsel claims predicated on the due process claim.[2] Respondent contends that petitioner failed to fairly present all of these claims to the state courts, and they are now procedurally defaulted. He also asserts that the claims pertaining to PCR counsel and counsel on the Motion for New Trial are not cognizable in a federal habeas proceeding.

Petitioner does not support his Ground Two claims with any briefing, nor does he address respondent's arguments as to why relief should be denied on these claims. In this respect, petitioner fails to sustain his burden of proof on these claims. *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (petitioner bears the burden of proving his claims). Accordingly, petitioner is not entitled to habeas corpus relief on these claims.

### CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is denied. The court declines to issue a Certificate of Appealability on the basis that petitioner has not

---

[2] In this respect, the court does not view petitioner as raising freestanding claims of ineffective assistance of counsel as the State argues.

9 - OPINION AND ORDER

made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this __15__ day of June, 2015.

                                                /s/ Michael W. Mosman
                                                Michael W. Mosman
                                                United States District Judge